# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| MARIA V. RIVERA, et al., | Case No. 09cv2686 BTM (RBB) |
|---|---|
| Plaintiff, | **ORDER GRANTING MOTIONS TO DISMISS** |
| v. | |
| AURORA LOAN SERVICES LLC, et al., | |
| Defendant. | |

Defendant Aurora Loan Services LLC has filed a Motion to Dismiss for Failure to State a Cause of Action [Doc. 4]. Defendant Cal-Western Reconveyance Corporation has attempted to join in Aurora's Motion to Dismiss [Doc. 8].[1] For the following reasons, the Court **GRANTS** the Motions.

## I. BACKGROUND

The following are allegations in the Complaint and not the Court's factual findings. In April 2007, Plaintiff Maria V. Rivera executed a note in favor of Uniwest Mortgage

---

[1] Cal-Western has already filed its Answer [Doc. 2] and therefore it may not join in Aurora's Motion to Dismiss. *See* Fed. R. Civ. P. 12(b) (a motion to dismiss for failure to state a claim "must be made before pleading"); *Aetna Life Ins. Co. v. Alla Med. Serv., Inc.*, 855 F.2d 1470, 1474 (9th Cir. 1988). The Court, therefore, construes Cal-Western's motion as a motion for judgment on the pleadings under Rule 12(c). In a Rule 12(c) motion, a party may seek dismissal based on failure to state a claim. Fed. R. Civ. P. 12(h)(2)(B) ("Failure to state a claim upon which relief can be granted . . . may be raised . . . by a motion under Rule 12(c) . . . .").

Corporation (not listed in the caption as a party to this action) in the amount of $457,000.00. As security for the note, Rivera also executed a deed of trust on her real property located at 868 Rosa Court, Escondido, California in favor of Uniwest Mortgage as beneficiary and First American Title as trustee.

In December 2008, Rivera received a notice that Defendant Cal-Western Reconveyance Corporation had been substituted as the new trustee. A week later, Cal-Western recorded a notice of default and election to sell in the Official Records of San Diego County, California.

In May 2009, Rivera executed a forbearance agreement with Defendant Aurora Loan Services LLC, the servicing agent for the loan in default. The forbearance agreement was in effect for three consecutive months, starting June 1, 2009 and ending August 31, 2009. Under the agreement, Aurora Loan Services agreed to forbear from exercising its right to start or continue foreclosure proceedings, to sell the property, and from otherwise exercising its rights under the default provisions of the note and deed of trust. But Aurora also reserved its ability to exercise its rights under those provisions if Rivera did not make scheduled payments or upon the expiration of the forbearance agreement on August 31, 2009.

Rivera has attached the forbearance agreement to the Complaint. The agreement states that Rivera has been "conditionally approved" for the forbearance agreement, and that "[y]our approval for the Special Forbearance Agreement is conditional upon Aurora verifying the information that you provided." Aurora Loan Services did not sign the copy that Plaintiffs have attached to the Complaint. Nevertheless, Plaintiffs allege in the Complaint that the "Forbearance Agreement was in effect for 3 consecutive months."

Rivera complied with the forbearance agreement and made timely payments according to its terms.

Before the forbearance agreement expired, on August 14, 2009 a real-estate agent came to Rivera's property and told Rivera that he had been assigned as the listing agent to sell Rivera's house. Alarmed, Rivera called Plaintiff George Beltran and told him what happened. Beltran then called Aurora Loan Services. Beltran spoke to someone named

Melissa, who told him that the property had been foreclosed on August 13, 2009, during the term of the forbearance agreement.

After several more phone calls, on August 25, 2009 Aurora Loan Services temporarily halted the foreclosure proceedings. A representative at Aurora told Plaintiffs not to send any more payments under the forbearance agreement.

The forbearance agreement expired on August 31, 2009.

On September 3, 2009, a representative of Aurora told Plaintiffs to resubmit an application for a forbearance agreement, but this time the representative told Rivera she could use only her own income to qualify (Rivera previously used her income and her sister's income to qualify for the first forbearance agreement).

As of the filing date of the Complaint, Rivera was still in possession of her home.

Plaintiffs have alleged three causes of action. First, Plaintiffs seek a declaration that Aurora "should honor the payments established in the original forbearance agreement and adhere to the original qualifying guidelines for the loan forbearance agreement." Second, Plaintiffs seek to enjoin Defendants from selling Rivera's property. And third, Plaintiffs seek an accounting of the amounts they owe Defendants.

Defendants have moved to dismiss all three causes of action for failure to state a claim.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), the plaintiff is required only to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief," and "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When reviewing a motion to dismiss, the allegations of material fact in plaintiff's complaint are taken as true and construed in the light most favorable to the plaintiff. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). But only factual allegations must be accepted as true—not legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Although detailed factual allegations are not required, the factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Furthermore, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 129 S. Ct. at 1949.

### III. DISCUSSION

1. <u>Diversity Jurisdiction</u>

The Court notes at the outset that it has jurisdiction under 28 U.S.C. § 1441(b) to hear this matter. Although Defendant Cal-Western Reconveyance Corporation is, like Plaintiffs, a California citizen, it has non-monetary status and its citizenship is therefore disregarded for purposes of diversity jurisdiction. *See Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000) ("We will ignore the citizenship of nominal ... parties who have no interest in the action, and are merely joined to perform the ministerial act of conveying the title if adjudged to the complainant.") Cal-Western Reconveyance filed a notice of non-monetary status in state court, to which Plaintiffs failed to object. Under these circumstances, the Court properly has jurisdiction. *See Delgado v. Bank of America Corp.*, 2009 WL 4163525, at *4 (E.D. Cal. Nov. 23, 2009) (no objections filed to declaration of nonmonetary status and trustee treated as nominal party; motion to remand denied); *Figueiredo v. Aurora Loan*, 2009 WL 5184472, at *1 (N.D. Cal. Dec. 22, 2009) (same).

2. <u>First Cause of Action for Declaratory Judgment</u>

Plaintiffs' first cause of action seeks a declaration that "Aurora Loan Services should honor the payments established in the original forbearance agreement and adhere to the original qualifying guidelines for the loan forbearance agreement." Defendants argue that this claim should be dismissed because the forbearance agreement, which Plaintiffs attached to the Complaint, is unsigned by Aurora. Furthermore, the agreement is conditional upon

Aurora's confirmation of Rivera's financial information. Thus, they argue, the agreement was never mutually executed and is inoperable.

The Court finds that Defendants' arguments are more suitable for a motion for summary judgment. Notwithstanding the unsigned forbearance agreement, Plaintiffs allege that the "Forbearance Agreement was in effect for 3 consecutive months." The Court must accept this allegation as true. *Symington*, 51 F.3d at 1484. Although a forbearance agreement must be in writing, *Secrest v. Sec. Nat'l Mortgage Loan Trust 2002-2*, 167 Cal. App. 4th 544, 553 (2008), for the purposes of this motion the Court infers that such a writing exists, *see Symington*, 51 F.3d at 1484 (court must construe allegations in light most favorable to plaintiff). Thus, Plaintiffs adequately allege the existence of a valid forbearance agreement.

But even though Plaintiffs have alleged the existence of a valid forbearance agreement, the Court is without jurisdiction to hear this claim. "The Constitution empowers federal courts to hear actual cases and not render advisory opinions." *United States v. Kaczynski*, 551 F.3d 1120, 1124 (9th Cir. 2009) (citing *United Public Workers v. Mitchell*, 330 U.S. 75, 89 (1947)). When a party seeks a declaratory judgment, "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (quoting *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). Moreover, a plaintiff must also allege an injury in fact and show some actual or threatened injury traceable to the challenged action. *Bullfrog Films, Inc. v. Wick*, 847 F.2d 502, 506 (9th Cir. 1988).

Here, Plaintiffs seek a declaration regarding their rights under an expired forbearance agreement. But Plaintiffs fail to allege any injury as a result of Defendants' purported violation of the agreement. Although Plaintiffs allege that Aurora Loan Services initiated foreclosure proceedings during the term of the forbearance agreement, they also allege that Aurora terminated those proceedings shortly thereafter. Aurora Loan Services never sold

Rivera's property or evicted her, and it appears that Rivera remains in her home.[2]

Rivera, of course, alleges that she may lose her home. The Court does not deny that losing her home would be an injury to her. But that injury does not arise out a breach of the expired forbearance agreement. This is because the purported breach of the forbearance agreement resulted in no injury to Plaintiffs. *See Bullfrog Films*, 847 F.2d at 506 (injury must be traceable to challenged action). The forbearance agreement, if indeed it was executed, only lasted three months, and Rivera's home was not sold during that time and she was not evicted. Thus, Rivera's injury does not arise from the forbearance agreement.

Instead, her injury arises from her failure to perform under the promissory note and deed of trust. In other words, Rivera might lose her home because she did not make her monthly payments—not because of Aurora's alleged breach of the forbearance agreement. Thus, the Court declines to issue a declaratory judgment regarding the rights of the parties under the expired forbearance agreement because Plaintiffs have failed to allege an injury in fact and such a declaration would be advisory.

Plaintiffs also seek two specific declarations. First, Plaintiffs seek a declaration that Aurora Loan Services should honor the payment schedule set forth in the forbearance agreement. But the forbearance agreement, by its own terms and as alleged by Plaintiffs, only lasted three months from June 2009 through August 2009. Plaintiffs cite no authority supporting the issuance of an order extending the duration of the agreement beyond the contractual term.

Second, Plaintiffs request a declaration that Aurora "adhere to the original qualifying guidelines for the loan forbearance agreement." Plaintiffs are presumably referring to the original guidelines which permitted Rivera to submit her income and her sister's income—rather than only Rivera's own income—in order to qualify for the forbearance agreement. Plaintiffs again cite no authority supporting the issuance of such an order. The Court is likewise unaware of any case law or statute governing the qualification procedures

---

[2] The Court takes judicial notice of Plaintiffs' address as listed on the Complaint and in the Court's electronic filing system. It is the same address as the property at issue here.

for a mortgage forbearance agreement.

For these reasons, the Court **DISMISSES without prejudice** Plaintiffs' First Cause of Action for a Declaratory Judgment in its entirety.

### 3. Second Cause of Action for Injunctive Relief

In this cause of action, Plaintiffs seek to enjoin the sale of Rivera's property. "Injunctive relief is a remedy and not, in itself, a cause of action, and a cause of action must exist before injunctive relief may be granted." *See Camp v. Board of Supervisors*, 123 Cal. App. 3d 334, 355–56 (1981) (citing *Shell Oil Co. v. Richter*, 52 Cal. App. 2d 164, 168 (1942). Here, although Plaintiffs assert that the sale of Rivera's property would be "wrongful and should be enjoined," they do not allege the basis for such relief. Accordingly, the Court **DISMISSES without prejudice** Plaintiffs' Second Cause of Action in its entirety.

### 4. Third Cause of Action for an Accounting

Plaintiffs also state that the "amount of money defendant Aurora Loan Services LLC *owes to plaintiff* is unknown to plaintiff and cannot be determined without an accounting." Compl. ¶ 14 (emphasis added). The Court is uncertain whether Plaintiffs have mistakenly alleged that Aurora Services LLC owes Plaintiffs money or intended to allege that they owe Aurora money. The distinction, however, is immaterial. Plaintiffs are not entitled to an accounting under either circumstance.

A complaint for an accounting must state facts showing the nature of the relationship that requires an accounting and that some balance is due to the plaintiff. *Stilwell v. Trutanich*, 178 Cal. App. 2d 614, 620 (1960). There is no right to an accounting where none is necessary. *St. James Church v. Superior Court*, 135 Cal. App. 2d 352, 359 (1955).

Here, Plaintiffs have not stated a cause of action for an accounting. First, Plaintiffs have not alleged the factual basis for any sums due to them from Defendants. And second, if Plaintiffs are alleging that they are uncertain how much they owe to Aurora, then an accounting would still be unnecessary because Plaintiffs have attached to their Complaint

as Exhibit F an itemized accounting of the delinquency owed by Rivera.  *See St. James Church*, 135 Cal. App. 2d at 359.

For these reasons, Plaintiffs have not stated a claim for an accounting and the Court further finds than an accounting is unnecessary.  The Court therefore **DISMISSES without prejudice** Plaintiffs' Third Cause of Action in its entirety.

5.      Plaintiff George Beltran

Plaintiff George Beltran has not stated a claim against either Defendant because he lacks standing.  A plaintiff lacks standing when the plaintiff is not entitled to an adjudication of the particular rights asserted.  *See Allen v. Wright*, 468 U.S. 737, 752 (1984).  Moreover, as discussed above, a plaintiff must assert an injury in fact.  *Bullfrog Films, Inc.*, 847 F.2d at 506.

Here, George Beltran has not alleged that he was a party to the deed of trust or the promissory note.  Nor has he alleged that he would be injured by foreclosure of Rivera's property.  Accordingly, as a separate ground for dismissing Beltran's claims, the Court holds that Beltran lacks standing to assert these causes of action and **DISMISSES without prejudice** Beltran's claims against all Defendants.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motions to Dismiss [Docs. 4, 8] and **DISMISSES without prejudice** the Complaint in its entirety.  Plaintiffs may file an amended complaint correcting the deficiencies described above within twenty-one days of the issuance of this order.

**IT IS SO ORDERED.**

DATED: April 26, 2010

Honorable Barry Ted Moskowitz
United States District Judge